UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**SEPTEMBER LAVONE FINCH,**      ]
                                 ]
   Plaintiff,                  ]
                                 ]
   vs.                         ]      CV 12-J-0885-NE
                                 ]
**MICHAEL J. ASTRUE,**           ]
**Commissioner of the Social**   ]
**Security Administration**,     ]
                                 ]
   Defendant.

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her supplemental security income. The case is now properly before the court. *See* 42 U.S.C. § 405(g).

At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 48 years old and had completed the twelfth grade (R. 55, 57). The plaintiff alleges an inability to work due to Legg Calve Perthes disease[1] as a child, which has left her with severe arthritis in her hips (R. 49). She alleges she has pain in both legs and hips, with her left worse than her right (R. 50). Her doctor has recommended a complete hip replacement on both sides, but the plaintiff has been unable to obtain insurance to have

---

[1] Legg-Calve-Perthes disease is when the ball of the thighbone in the hip doesn't get enough blood, causing the bone to die. Without enough blood to the area, the bone dies. The ball of the hip will collapse and become flat. Usually only one hip is affected, although it can occur on both sides. The blood supply returns over several months, bringing in new bone cells. The new cells gradually replace the dead bone over 2 - 3 years. Osteoarthritis later in life is a recognized complication of this disease. *See e.g.*, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002244/.

the surgery (R. 50-51). Her pain ranges from an 8 to a 10 on a scale of 1-10, but she cannot take prescription pain medication because it hurts her stomach (R. 51). She takes Advil and ibuprofen, elevates her legs, uses hot baths and has to constantly move around to relieve the pain (R. 52). In her estimation, she can walk less than half a block, and less than 15 minutes (R. 53). She is unable to stand for more than 10 to 15 minutes, and can sit about 30 minutes at a time (R. 54). She estimates that she could lift 10 pounds at most (R. 62).

The plaintiff's last job was as a patient care assistant in a hospital, but she had to quit because she could not do the walking or the lifting required (R. 58). She described her day prior to the hearing as spent caring for her 3 year old granddaughter (R. 66). Approximately six months prior to the hearing, the plaintiff rode from Alabama to New Jersey, with a stop in Arkansas, for her sister's funeral (R. 67).

The ALJ found that the plaintiff's impairment which is severe is bilateral osteoarthritis of the hips secondary to Legg Calve Perthes disease (R. 26), but that the same was not an impairment listed in, or medically equal to, any of those listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 26). The ALJ agreed that the plaintiff did have an impairment which met part one of the Eleventh Circuit pain standard, that evidence of an underlying medical condition[2] (R 27). However, the ALJ did not find objective medical evidence that confirmed the severity of the pain alleged nor evidence which supported a finding that her condition was of such severity that it reasonably could be expected to

---

[2]The 11th Circuit three-part pain standard requires 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the level of severity of the alleged pain arising from that condition or 3) that the objectively determinable medical condition is of a severity which can reasonably be expected to give rise to the alleged pain. *See e.g Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991).

cause such pain (R. 27).  Based on consideration of the evidence, the ALJ concluded that the plaintiff could perform a limited range of light work, and hence return to her past work as a floral designer (R. 30).  The ALJ thus concluded that the plaintiff was not disabled within the meaning of the Social Security Act (R. 31).

The plaintiff argues that the Commissioner's residual functioning capacity (RFC), findings were not based on substantial evidence.  Plaintiff memorandum at 6. However, the court finds from the extremely sparse medical records that while plaintiff was noted to have limitations on prolonged walking, sitting or standing, the ALJ took such limitations into account in finding the plaintiff could return to her work as a florist.  Additionally, while the plaintiff argues that Dr. Bergquist's opinion was entitled to significant weight, his opinion before the ALJ was neither contradicted by any other evidence, nor reflective of opinions concerning the plaintiff's daily activities.  Therefore, the plaintiff's assertion that the ALJ "clearly expressly rejected" Dr. Bergquist's opinion and reached the "alternative conclusion" that the plaintiff "does not in fact need surgery at this juncture" (plaintiff's memorandum at 7), is a mischaracterization of the ALJ's determination that the plaintiff could perform a limited range of light work.[3]

The medical records reflect that when plaintiff was seen in 1994, she walked without a limp and "literally jumped off the examining table" (R. 226).  The recommendation at that time was that if her job bothered her, she should find another job (R. 226).  The plaintiff

---

[3] Whether or not the plaintiff needs surgery is not tantamount to a finding that she can or cannot work. Even assuming that the record supported a finding that the plaintiff could not work until she has hip surgery, she still must satisfy the requirement that she has an impairment which has or will last for more than twelve months. Assuming she could return to work post surgery, she would not be entitled to benefits.  Similarly, even if Dr. Bergquist's letter from September 2011 was entitled to controlling weight, the same would not establish disability prior to the date of the August 2011 hearing.

was seen in an emergency room in December 2010 for vertigo (R. 244-251). In February 2011 the plaintiff was seen by Dr. Bergquist, who noted that the plaintiff suffered from bilateral osteoarthritis of the hip secondary to Legg-Calve-Perthes disease and back pain (R. 253). He recommended a total hip orthoplasty and due to the complexity of the surgery, that the same be performed at UAB (R. 253). He noted severe limitations in the plaintiff's range of motion in her hips (R. 253). In September 2011 Dr. Bergquist wrote in a "to whom it may concern" letter that the plaintiff has severe osteoarthritis of her hips, and is unable to perform substantial gainful employment due to the severity of her hip pain (R. 257). He added to "[p]lease consider this patient for disability benefits" (R. 257).

In a consultative evaluation in July 2010 by Rachel Kennedy, M.D., the plaintiff was noted to be in no acute distress, walked normally, and had no trouble getting on and off the exam table, getting out of a chair, or getting dressed and undressed (R. 241). Although limitation of motion in her hip was noted, the plaintiff could also heel and toe walk, and squat, although she needed assistance rising (R. 241-242). Dr. Kennedy concluded that the plaintiff had limitations in her range of motion and severe limitations against prolonged walking, prolonged standing, prolonged standing, bending, squatting and lifting (R. 242).

This court's role under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the

Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

The court finds that the decision of the ALJ is supported by substantial evidence. Although the record clearly reflects that the plaintiff does have limitations which could cause pain, the ALJ accommodated the consultative examiner's opinion that the plaintiff should not engage in prolonged standing, walking or sitting by specifically asking the vocational expert about jobs which allow for a sit/stand option. Such an option is also within the limitations the plaintiff herself described, such as sitting for 30 minutes at a time and standing for 15 minutes at a time. Although the plaintiff alleges pain at a disabling level, for which she takes only over the counter pain relievers, such a level of pain is contradicted by activities such as caring for a 3 year old child.[4] Despite plaintiff's argument

---

[4] When a claimant's symptoms suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529 describes the kinds of evidence the ALJ must consider in addition to the objective medical evidence when assessing the credibility of the claimant's statements. This includes (1) The claimant's daily activities; (2) The location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) Factors that precipitate and aggravate the symptoms; (4) The type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) Treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (6) Any measures other than treatment the claimant uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) Any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms (SSR 96-7p). Here, the ALJ clearly considered such factors.

otherwise, the ALJ did not have to afford more weight to the opinion of Dr. Bergquist than Dr. Kennedy, because these medical opinions in no way contradicted each other.

Similarly, nothing in Dr. Bergquist's September 2011 letter requires remand. *See* plaintiff's memorandum, at 10. That letter was provided to and within the list of materials considered by the Appeals Council. In it, although Dr. Bergquist opines that the plaintiff is not able to perform substantial gainful employment because of persistent hip pain, and that she "may benefit" from hip replacements, that letter neither establishes disability during the time period before the ALJ, or establishes that the plaintiff would have a limitation from substantial gainful employment lasting twelve months or more. *See* 42 U.S.C. § 416.1436(c).

Based on the foregoing, the court is of the opinion that the ALJ's determination is due to be and hereby is **AFFIRMED**.

Done, this 17th of October, 2012.

                                          INGE PRYTZ JOHNSON
                                          U.S. DISTRICT JUDGE